UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAINTE HICKEY #342571,

    Plaintiff,

v

UNKNOWN STUMP Correctional Officer, UNKNOWN NELSON Correctional Officer, UNKNOWN FOX Correctional Sergeant, CRAIG RITTER Assistant Resident Unit Supervisor, UNKNOWN NORMINGTON Deputy Warden, UNKNOWN JONES Deputy Warden and RICHARD MCCARTHY Warden,

    Defendants.

No. 1:24-cv-00449

HON. ROBERT J. JONKER

MAG. JUDGE SALLY J. BERENS

| | |
|---|---|
| Maria Makar<br>Rachel Brady<br>Stephen H. Weil<br>Attorneys for Plaintiff<br>Loevy & Loevy<br>311 N Aberdeen, 3rd. Fl.<br>Chicago, IL 60607<br>(312) 243-5900<br>makar@loevy.com<br>weil@loevy.com<br>brady@loevy.com | Keith G. Clark (P56050)<br>William J. Predhomme II (P81527)<br>Assistant Attorneys General<br>Michigan Dep't of Attorney General<br>Attorneys for MDOC Defendants<br>Corrections Division<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>Clarkk33@michigan.gov |

**STIPULATED PROTECTIVE ORDER**

(as amended by the Court)

This matter having come before the Court on the parties' stipulation, the

Court being fully apprised in the premises,

**IT IS HEREBY ORDERED** as follows:

1

1. The following video, produced pursuant to Federal Rule of Civil Procedure 26(c), is designated as "Attorney Eyes Only Information" as defined below:

   a. Bellamy Creek Correctional Facility Surveillance Video labelled "8-18-20 Hickey#342751 Search.g64x."

The following document, produced pursuant to Federal Rule of Civil Procedure 26(c), is designated as a "Confidential Document" as defined below:

   b. AIM # 34242.

2. **Confidential Documents**. When used in this order, "Confidential Documents" mean documents of a type contemplated by Fed. R. Civ. P. 26(c) that a party, in good faith, regards as confidential, proprietary, trade secret(s), or other sensitive business or personal information, including medical records.

3. All Confidential documents, as that term is defined by Paragraph 2, shall be used solely for the prosecution and/or defense of this action, including any appeal(s) resulting from this action.

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential information to any person currently or formerly under the jurisdiction of the MDOC, copies of the records shall not be provided to or discussed with them without MDOC's' permission granted pursuant to this order. Except as provided in Paragraphs 5 and 11, no document designated as Confidential, and no information contained in a Confidential document, may be disclosed to any person other than:

    a.    The parties (but see item 7 regarding "Attorney Eyes Only" designation).  Parties currently or formerly under the jurisdiction of the MDOC may review but not receive Confidential documents,

    b.    Counsel for the parties;

    c.    Secretaries, paralegal, assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

    d.    The Court and its personnel;

    e.    Persons noticed for deposition or persons who may be designated as witnesses, including outside consultants and experts retained for the purpose of assisting in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action), subject to the provisions of Paragraph 13;

    f.    Any facilitator/mediator who the parties have agreed to use in this case or ordered by the Court; or,

    g.    Court reporters used in this case.

5.    Except for the parties, counsel for the parties in this action, and their employees, secretaries, and paralegals, and the Court and its employees covered by the provisions of Paragraph 4a, 4b, 4c, and 4d, disclosure to other persons shall be made only upon the condition that the party disclosing the Confidential document or information shall inform the person that he or she: (a) shall not use, directly or indirectly, any information from any Confidential documents for purposes other than the prosecution or defense of this action; (b) shall not copy or duplicate, in any form, any Confidential documents or information from any Confidential documents; or (c) disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

6.     **Confidential or Attorney Eyes Only Information Subpoenaed or Ordered to be Produced in Other Litigation.**

If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential or Attorney Eyes Only Information, the receiving party must so notify the MDOC, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this order.  In addition, the receiving party must deliver a copy of this order promptly to the party in the other action that caused the subpoena to issue.  The receiving party shall not produce the Confidential or Attorney Eyes Only Information without order from this Court or from another court of competent jurisdiction or written permission of the producing party.

7.     **Attorney Eyes Only Information**.  When used in this order, "Attorney Eyes Only Information" means documents, other material, or information designated as "ATTORNEY EYES ONLY – SUBJECT TO PROTECTIVE ORDER" by the producing party or non-party that falls within the following categories: (a) documents, other material, or information whose disclosure presents a danger to the security interests of the Michigan Department of Corrections; (b) information that endangers public safety; or (c) information that

4

reveals personal identifying information of an employee or former employee of the Michigan Department of Corrections (other than name).

8. All Attorney Eyes Only Information, as that term is defined by Paragraph 7, shall be used solely for the prosecution and/or defense of this action, including any appeal(s) resulting from this action.

9. Except as provided in Paragraphs 10 and 11, no document, materials, or information designated as Attorney Eyes Only information may be disclosed to any person other than:

      a. Counsel for the parties;

      b. Secretaries, paralegal assistants, and other employees of such counsel who are actively engaged in assisting counsel in the preparation of this action;

      c. The Court and its personnel;

      d. Any facilitator/mediator who the parties have agreed to use in this case or ordered by the Court;

      e. Any outside consultants and experts retained for the purpose of assisting in the in the preparation of this action (whether or not said outside consultant or expert is retained to testify in this action), subject to the provisions of Paragraphs 12 and 13; or,

      f. Counsel for the Plaintiff may review the video entitled "8-18-20 Hickey#342751 Search.g64x." with the Plaintiff provided that the Plaintiff does not take any notes, pictures, videos, recordings, etc., or make any other attempts to document its contents during the viewing and is not provided with a copy of the video.

10. Attorney Eyes Only Information may be disclosed to the following persons with notice to the party producing the Attorney Eyes Only Information:

      a. Persons noticed for deposition, but only during the deposition; or

5

      b.    A court reporter who is making a record of a deposition if the information is referenced during the deposition.

11.    Except for the counsel for the parties in this action, and their employees, secretaries, and paralegals covered by the provisions of Paragraph 9a and 9b, or the Court and its personnel covered by the provisions of Paragraph 9c, disclosure to other persons shall be made only upon the condition that the party disclosing the Attorney Eyes Only document or information shall inform the person that he or she: (a) shall not use, directly or indirectly, any information from any Attorney Eyes Only documents for purposes other than the prosecution or defense of this action; (b) shall not copy or duplicate, in any form, any Attorney Eyes Only documents or information from any Attorney Eyes Only documents; or (c) disclose such information to any person who is not permitted to receive such documents and information under the terms of this Protective Order.

12.    Persons covered by the provisions of Paragraph 4e, Paragraph 9e, and Paragraph 10a should immediately turn over any Confidential documents or Attorney Eyes Only Information to the producing party once their reason for the disclosure has been satisfied.  If any information or contents of a Confidential document or Attorney Eyes Only Information are disclosed in a deposition or court proceeding, (1) either party may designate that a portion of the deposition transcript be designated as Attorney Eyes Only Information, and (2) the court reporter may retain a copy of the Confidential document or Attorney Eyes Only Information along with any transcript(s) of the deposition subject to the provisions

of Paragraph 11  Nothing in this paragraph shall prevent counsel for the parties from obtaining a copy of any transcripts of a sealed deposition.

13. Documents produced or information covered by this Protective Order shall be made available only to persons authorized by this Protective Order. Nothing in this Order shall prevent a party from using any Attorneys Eyes Only or Confidential Material in any court filings, during a hearing, or at trial.  If any party proposes to or intends to use such material, that party shall give reasonable notice, based on the circumstances, to the designating party of such intended use to allow the designating party an opportunity to petition the Court to institute appropriate procedures to maintain the confidentiality of the materials to be used as provided in the Federal Rules of Civil Procedure.  The party designating the document as Confidential pursuant to this order may waive the confidentiality designation at any time by providing written notice to the opposing party, or by express oral waiver of such designation during a deposition or other proceeding on the record.

14. Nothing in this order shall prevent any party or nonparty from seeking modification of this Protective Order, or from changing or from objecting to discovery that it believes is improperly designated or otherwise improper.

15. Nothing in this Protective Order precludes Plaintiff's counsel from being able to discuss with Plaintiff the existence, absence and import of evidence that bears directly on the claims and defenses in this matter.

16. Neither party will rely on this stipulation, which is given solely to forward discovery and potentially avoid unnecessary motion practice, as a basis to oppose a motion to modify this Protective Order.

IT IS SO ORDERED.

Dated: September 16, 2024         /s/ Sally J. Berens
                                  Honorable Sally J. Berens
                                  United States Magistrate Judge

The undersigned parties agree and stipulate to entry of the above Stipulated Protective Order.

Date:  September 12, 2024         */s/ Stephen H. Weil*
                                  Stephen H. Weil (w/permission)
                                  Counsel for Plaintiff

Date:  September 12, 2024         */s/Keith G. Clark*
                                  Keith G. Clark (P56050)
                                  Counsel for Defendants
                                    Mihm and Schaffer